UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-22249-CIV-SEITZ/O'SULLIVAN

TRACFONE WIRELESS, INC., a
Florida corporation,

    Plaintiff,
v.

BITCELL CORP., a Florida corporation;
MARIO A. CRUZ, individually; MELIDA
GUERRA, individually; JOHN DOES 1-50;
and XYZ COMPANIES 1-50,

    Defendants.
_____/

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned lawsuit against Defendants, Bitcell, Corp. ("Bitcell") and Mario A. Cruz ("Cruz") (Bitcell and Cruz are collectively referred to as "Defendants"), alleging that Defendants are engaged in an unlawful scheme involving the acquisition, sale, and counterfeiting of large quantities of TracFone and NET10 prepaid wireless telephones ("TracFone/NET10 Prepaid Phones" or "Phones") that causes substantial and irreparable harm to TracFone and to consumers.

TracFone alleges that Defendants' scheme (the "Bulk Resale Scheme") involves the unauthorized and unlawful bulk purchase and resale of TracFone/NET10 Prepaid Phones, unauthorized and unlawful computer unlocking of TracFone/NET10 Prepaid Phones, alteration of TracFone/NET10's copyrighted and proprietary software computer code installed in the Phones and ultimate sale, for profit, of counterfeited Phones to unsuspecting end users often in foreign countries.

TracFone alleges that Defendants perpetrated the Bulk Resale Scheme by acquiring bulk quantities of TracFone/NET10 Prepaid Phones under false pretenses. TracFone alleges that Defendants acquired the TracFone/NET10 Prepaid Phones with the actual or constructive knowledge and intent that the Phones would not be activated for use on the TracFone prepaid wireless system and that the Phones would be computer-hacked. TracFone alleges that the purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove and/or disable TracFone's copyrighted and proprietary software installed in the Phones, which enables the use of the TracFone/NET10 Prepaid Phones exclusively on TracFone's prepaid wireless system. TracFone alleges that the reflashed Phones are then trafficked and resold under TracFone's trademarks as new, at a premium, for unauthorized use outside of the TracFone prepaid wireless system.

TracFone/NET10 Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of TracFone/NET10 Prepaid Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone Phone, and are also available to the public on TracFone's website. The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones. The Terms and Conditions and language on the packaging constitute a valid binding contract.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of TracFone/NET10 Prepaid Phones agree: (a) to use the Phones only in conjunction with the TracFone/NET10 prepaid wireless service; (b) not to tamper with or alter TracFone/NET10 Prepaid Phones or the Phones' software, enter unauthorized PIN numbers in the Phones, engage in any other unauthorized or illegal use of the Phones or the TracFone/NET10 service, or assist

others in such acts; and (c) not to export any TracFone/NET10 Prepaid Phones outside of the TracFone/NET10 wireless system coverage area ("Coverage Area"). TracFone alleges that in violation of the Terms and Conditions, Defendants have, among other things, unlawfully exported TracFone/NET10 Prepaid Phones to foreign countries outside of the Coverage area or knowingly facilitated others who have done so; facilitated others to use the Phones without the TracFone/NET10 prepaid wireless service; and altered TracFone/NET10 Prepaid Phones and the Phones' software or facilitated others who have done so.

As a result of the alleged Bulk Resale Scheme, TracFone asserted claims against Defendants for breach of contract; federal trademark infringement under 15 U.S.C. § 1114; federal unfair competition under 15 U.S.C. § 1125(a); contributory trademark infringement; copyright infringement under Title 17 of the United States Code; circumvention of technological measures that control access to copyrighted software and trafficking in services that circumvent technological measures protecting copyrighted software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"); unfair competition and false advertising under Fla. Stat. § 501.204; civil conspiracy and unjust enrichment.

The Court having reviewed the Complaint and file and being otherwise duly advised in the premises, it hereby:

**ORDERS, ADJUDGES** and **DECREES** that:

1. This Court has jurisdiction over TracFone and Defendants and all of the claims set forth in TracFone's Complaint.

2. The Court finds that TracFone owns all right, title, and interest in and to United States Trademark Registration No. 2,114,692, issued on November 18, 1997 and based on a first use date of June 30, 1996; United States Trademark Registration No. 2,761,017, issued on

September 9, 2003 and based on a first use date of December 2000; United States Trademark Registration No. 3,224,929, issued on April 3, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,222,623, issued on March 27, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,118,250, on July 18, 2006 and based on a first use date of March 1, 2005; United States Trademark Registration No. 3,255,754, issued on June 26, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,253,506, issued on June 19, 2007 and based on a first use date of December 31, 2005; and United States Trademark Registration No. 3,251,389, issued on June 12, 2007 and based on a first use date of December 31, 2005 (collectively the "Registered TracFone Trademarks").

3. The Registered TracFone Trademarks are valid, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone. The Court finds that the trademark registered under Registration No. 2,114,692 is incontestable.

4. The Court further finds that TracFone holds a valid and enforceable copyright registration, TX 6-515-894, on the TracFone Prepaid Software.

5. The Court finds that the Terms and Conditions constitute a valid binding contract enforceable against Defendant. The Court finds that (a) facilitating others to use TracFone/NET10 Prepaid Phones in conjunction with service providers other than TracFone, (b) tampering with or altering TracFone/NET10 Prepaid Phones or the Phones' software, entering unauthorized PIN numbers in the Phones for purposes of unlocking or reflashing the Phones, or facilitating others in such acts, and/or (c) exporting TracFone/NET10 Prepaid Phones outside of the Coverage Area, or assisting others in such acts, respectively, constitute independent breaches of contract for which TracFone is entitled to relief.

6.      The Court finds that if proven, Defendants' conduct constitutes a breach of contract; federal trademark infringement under 15 U.S.C. § 1114; federal unfair competition under 15 U.S.C. § 1125(a); contributory trademark infringement; copyright infringement under Title 17 of the United States Code; circumvention of technological measures that control access to copyrighted software and trafficking in services that circumvent technological measures protecting copyrighted software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA");; unfair competition and false advertising under Fla. Stat. § 501.204; civil conspiracy and unjust enrichment.

7.      The Court finds the Bulk Resale Scheme has caused substantial harm to TracFone and the public interest, and will continue to cause substantial harm to TracFone and the public interest, unless enjoined. Consequently, TracFone is entitled to injunctive relief on the claims set forth in its Complaint.

8.      On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve Defendant of liability for his alleged violations of the DMCA as alleged in TracFone's Complaint, because Defendants' conduct as alleged in this case does not come within the scope of the new exemption. Defendants' alleged misconduct and involvement in unlocking TracFone/NET10 Prepaid Phones was for the purpose of reselling those Phones for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone

communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

9. A Consent Final judgment is hereby entered against Defendants, Bitcell, Corp. and Mario A. Cruz, and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in TracFone's complaint.

10. Defendants, and each and all of his, her, and its representatives, heirs, successors, assigns, personal representatives, beneficiaries, relatives, agents, employees, independent contractors, accountants, investigators, consultants, parents, subsidiaries, affiliates, related companies, predecessors-in-interest and all other persons acting or purporting to act for him, her, or it or on his, her or its behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with any Defendant, and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order shall be and hereby are PERMANENTLY ENJOINED from:

    a. Purchasing, selling and/or shipping any wireless mobile phone that they know or should know bears any Registered TracFone Trademark, any other trademark owned by TracFone, or any other model of wireless mobile device sold or marketed by TracFone bearing any Registered TracFone Trademark ("TracFone/NET10 Handsets"). Specifically, the Defendants are enjoined from purchasing, selling and/or shipping, directly or indirectly, all models of TracFone/NET10 Handsets regardless of whether such devices are new or used, whether

in or out of their original packaging, or whether "locked," "unlocked," "reflashed," or otherwise altered or modified in any way by any person. This injunction applies to all TracFone/NET10 Handsets currently or previously offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's websites, http://www.tracfone.com and www.net10.com, including without limitation the following models of TracFone/NET10 Handsets:

| | | |
|---|---|---|
| Motorola W370 | Motorola C343 | Nokia 1600 |
| Motorola W375 | Motorola V60i | Nokia 2285 |
| Motorola C261 | Nokia 2126 | LG 3280 |
| Motorola C139 | Nokia 2126i | LG CG225 |
| Motorola V176 | Nokia 2600 | LG 1500 |
| Motorola V170 | Nokia 1100 | LG 200C |
| Motorola V171 | Nokia 1112 | Kyocera K126C |
| Motorola C155 | Nokia 1221 | |

b. reflashing and/or unlocking of any TracFone/NET10 Handset;

c. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone/NET10 Handsets;

d. supplying TracFone/NET10 Handsets to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in reflashing and/or unlocking TracFone/NET10 Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone/NET10 Handsets;

e. supplying TracFone/NET10 Handsets to, or facilitating or assisting, in any way, other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying, selling and/or shipping of locked or unlocked TracFone/NET10 Handsets; and

f. knowingly using the Registered TracFone Trademarks or any other trademark owned or used by TracFone now or in the future, without TracFone's prior written authorization.

11. Defendants, pursuant to the Lanham Act, if in possession of any TracFone/NET10 products shall deliver and turn over all Phones in their possession, or subject to their custody or control, bearing or infringing any of the Marks or a confusingly similar copy of said Marks, to TracFone immediately upon entry of this Order.

12. The shipment of any TracFone/NET10 Handsets within or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

13. The last known address of Bitcell, Corp. is 26706 SW 139th Avenue, Miramar, Florida 33027.

14. The last known address of Mario A. Cruz is 26706 SW 139th Avenue, Miramar, Florida 33027.

15. The address of TracFone Wireless, Inc. is 9700 NW 112th Avenue, Miami, FL 33178.

16. Each Defendant respectively waives his, her and its right to appeal from the entry of this Final Judgment.

17. The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of liquidated damages to TracFone Wireless, Inc. in an amount equal to the greater of $250,000.00 or $5,000 for each TracFone or NET10 Handset that a Defendant is found to have purchased, sold, unlocked, altered in any way, or shipped in violation of this injunction.

18. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

19. The Court determines, pursuant to Fed. R. Civ. P. 54(b), that Judgment should be entered against Defendants Bitcell, Corp. and Mario A. Cruz, as set forth herein, and there is no just reason for delay.

DONE AND ORDERED in Miami, Florida, this 23 day of May, 200_.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel and parties of record